UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PATRICK GEARON,

                Plaintiff,

-against-

NANY A. BERRYHILL, Acting Commissioner
of Social Security

                Defendant.

-----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**
17-cv-6675 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 11 2018 ★
BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

The plaintiff seeks review of the decision of the Commissioner of Social Security that he was not disabled for purposes of receiving disability insurance benefits under Title II of the Social Security Act. For the reasons set forth below, I remand the case for further proceedings.

On November 22, 2013, the plaintiff applied for disability and disability insurance benefits, alleging disability beginning on December 17, 2012. His application was denied on January 22, 2014. On January 29, 2014, the plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Patrick Kilgannon conducted two hearings: July 14, 2015, when the plaintiff and a vocational expert testified, and July 12, 2016, when a medical expert testified. (Tr. 38-79.) In a decision dated August 17, 2016, ALJ Kilgannon found that although the 53-year old plaintiff had several severe impairments, he was not disabled because his impairments did not equal the severity of one of the listed impairments in 20 CFR 404, and because he still retained the residual function capacity ("RFC") to perform "light work as defined in 20 CFR 404.1567(b)," subject to certain limitations. (Tr. 23-24.) The Appeals Council denied the plaintiff's request for review on September 26, 2017, and the ALJ's decision became

1

the final decision of the Commissioner. (Tr. 1-4.) The plaintiff commenced this action and moved for summary judgment on the pleadings. (ECF Nos. 1,8.) The defendant made a cross-motion for judgment on the pleadings. (ECF Nos. 13,14.)

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). "Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,' '[w]here an error of law has been made that might have affected the disposition of the case,' the court will not defer to the ALJ's determination. *Pollard v. Halter*, 377 F.3d 183, 188–89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984) (internal citations omitted). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (quoting *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).

*The Listed Impairments*

The plaintiff challenges the ALJ's decision that the plaintiff's severe impairments did not meet or equal a listing under 20 C.F.R. § 404, Subpart P, Appendix 1. (ECF No. 8-1 at 16.) ALJ Kilgannon found that the plaintiff had the following severe impairments: cervical and lumbar

2

disc disease, bilateral knee impairment, status-post right knee arthroscopic surgery, and hearing loss. (Tr. 23.) However, ALJ Kilgannon decided that none of these impairments met the severity of listings 1.02, 1.04 and 2.10. (Tr. 24.) As I explain below, remand is necessary so that the ALJ can reevaluate the evidence regarding the plaintiff's impairments.

After finding that a claimant has a medically determinable impairment that is "severe," the ALJ must determine whether the identified "impairment(s) meets or equals a listed impairment in appendix 1." 20 C.F.R. § 404.1520(a). For all listings in Section 1 – Musculoskeletal System impairments – "functional loss" is "the inability to ambulate effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment, or the inability to perform fine and gross movements effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment." 20 C.F.R. § 404, Subpart P, Appendix 1, Part 1, § 1.00(2). Pain may also be an important factor contributing to functional loss. *Id.*

A court cannot determine whether an ALJ applied the law correctly or based his decision on substantial evidence in the record if the ALJ does not explain why he reached a particular decision. In those circumstances, the court has to remand the case. *See Estrada ex rel. E.E. v. Astrue*, No. 08-CV-3427, 2010 WL 3924686, at *3 (E.D.N.Y. Sept. 29, 2010) (remand is appropriate "[i]n circumstances ... where the ALJ has stated no findings or conclusions with respect to a claim of disabling impairment, especially one to which the claimant arguably has demonstrated the symptoms described" (quoting *Aponte v. Secretary Dept. of Health and Human Services*, 728 F.2d 588, 592–93 (2d Cir.1984))); *see also Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) ("Remand is particularly appropriate where, as here, we are "unable to fathom the ALJ's rationale in relation to the evidence in the record" without "further findings or clearer

explanation for the decision.") (internal citations omitted); *Wong v. Astrue*, 2010 WL 1268059, at *10 (E.D.N.Y. Mar.31, 2010) (case remanded where ALJ provided insufficient "conclusory conclusion" that plaintiff did not meet or equal a listing, but evidence suggested plaintiff met listing criteria).

ALJ Kilgannon found that the plaintiff's knee impairment did not meet listing 1.02, but did not explain how he reached that conclusion. (Tr. 24.) Listing 1.02 requires "gross anatomical deformity... and chronic joint pain and stiffness with signs of limitation of motion... and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints." 20 C.F.R. § 404, Subpart P, Appendix 1, Part 1, § 1.02. The ALJ noted the multiple MRIs of the plaintiff's knees, and the plaintiff's complaints of persistent pain when he walked. Moreover, the plaintiff's doctors diagnosed him with problems in both knees, (Tr. 25-29, 267-69, 302-305, 312-13, 372-75, 439-40, 471-75, 597-98, 636-70); treating physicians Katzmann, Singer, Chang, Villarica and Schwartz opined that the plaintiff's knee problems rendered him disabled and unable to work, (Tr. 269, 305, 375, 440, 475). Given this record, the ALJ should explain on remand why he found that the plaintiff's knee problems did not meet the requirements of listing 1.02.

ALJ Kilgannon also found that the plaintiff's spinal problems did not meet listing 1.04 because the plaintiff did not present "sufficient evidence that he experiences nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, and motor loss, sensory and reflex loss." (Tr. 24.) However, the record includes evidence from the plaintiff's doctors that the plaintiff had back pain, limited movement, and motor loss. For example, Dr. Hoffer found that the plaintiff had "very severe" nerve pain in his lumbar spine and difficulty standing, walking, sitting, bending, lifting and kneeling. (Tr. 331, 366, 1067.) Dr.

4

Chang also found that the plaintiff had decreased motion, spasms, pain and tenderness in his spine. (Tr. 267-69, 1095-98.) Dr. Villarca did an MRI of the plaintiff's spine, which showed degenerative changes, decreased disc space, and hypolordosis consistent with muscle spasms. (Tr. 272.) Dr. Liu diagnosed the plaintiff with multiple conditions related to the discs in his spine, and noted the plaintiff had low range of motion that worsened over time, and muscle spasms and pain. (Tr. 458, 478, 546, 697.)

Listing 1.04 also requires a positive finding after a straight-leg raising test. 20 C.F.R. § 404, Subpart P, Appendix 1, Part 1, § 1.04. Drs. Chang and Schwartz both found that the plaintiff tested positive on the straight-leg raising test. (Tr. 268, 301.) The ALJ did not mention Dr. Chang's findings, so it is not clear whether he considered them or gave them any weight.

Finally, ALJ Kilgannon found that the plaintiff's hearing impairment did not meet listing 2.10 because the plaintiff did not provide test results meeting the requirements for air conduction hearing threshold, bond conduction hearing threshold, or word recognition. (Tr. 24.) Dr. Nicolas Gno, an ear, nose and throat specialist, treated the plaintiff, but his records do not specify whether he did those tests and what the results were. (Tr. 255-66.) Because there is a gap in the record, the Commissioner had an affirmative duty to seek additional evidence. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (the Commissioner has an affirmative duty to seek out additional evidence where there are gaps in the administrative record) (citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) ("[E]ven if the clinical findings were inadequate, it was the ALJ's duty to seek additional information from Dr. Jobson *sua sponte*.")).

In addition, while ALJ Kilgannon decided that each of the plaintiff's impairments did not "meet or equal" the relevant listing, he did not analyze whether the impairments are "medically equivalent" to a listed impairment. *See* 20 C.F.R. § 404.1526. The ALJ should determine on

5

remand whether the plaintiff's severe impairments are medically equivalent to a listed impairment in appendix 1. Because the plaintiff has multiple severe impairments, the ALJ should also consider "the combined effect of all [] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity... throughout the disability determination process." 20 C.F.R. § 404.1523; *see also Duncan v. Astrue*, No. 09–CV–4462, 2011 WL 1748549, at *22 (E.D.N.Y. May 6, 2011) (quoting *Burgin v. Astrue*, 348 F. App'x 646, 647–48 (2d Cir. 2009)); *Hernandez v. Astrue*, 814 F. Supp. 2d 168, 185 (E.D.N.Y. 2011) ("The ALJ's failure to consider the effects of plaintiff's combined impairments in every step of the five–step sequential process . . . requires remand.").

*The Treating Physician Rule*

The plaintiff also challenges the ALJ's determination of the plaintiff's residual functional capacity ("RFC"), and says that the ALJ did not give appropriate weight to the plaintiff's treating physicians. (ECF No. 8-1 at 18-19.) Moreover, the ALJ did not specify the weight determination he accorded to the conclusions of Drs. Gno, Villarica, Chang or Singer, nor did he explain why he gave "little" or only "some" weight to the opinions of Drs. Katzmann, Hoffer, and Liu. (*See id.* at 18.) Therefore, remand is necessary.

The "treating physician" rule requires that "a treating source's opinion on the issue(s) of the nature and severity" of a claimant's impairment be given "controlling weight" if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2) and *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)). When the ALJ does not give a treating physician's opinion controlling weight, he must "comprehensively set forth [his] reasons for the weight

assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal citations omitted). The failure to give "good reasons" for the weight assigned to a treating physician's opinion constitutes a ground for remand. *See* 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion."); *Fontanez v. Colvin*, No. 16-CV-01300, 2017 WL 4334127, at *18 (E.D.N.Y. Sept. 28, 2017) (the ALJ's "failure to provide 'good reasons' for not crediting a treating source's opinion is ground for remand") (internal citations omitted).

The ALJ did not refer to the medical reports or opinions of Drs. Villarica, Chang, or Singer, all of whom treated the plaintiff. Dr. Villarica treated the plaintiff on multiple occasions between October of 2013 and May of 2016, performed and analyzed the plaintiff's spinal MRI, and diagnosed the plaintiff with bilateral knee strain/sprain, among other conditions. (Tr. 416-48, 1098-1119.) Dr. Chang examined the plaintiff's spine and knees in October of 2013, and noted that the plaintiff had pain and decreased range of motion, and a positive straight-leg raising test. (Tr. 267-69, 1095-98.) Dr. Singer examined the plaintiff twice, did an MRI of the plaintiff's knees, and opined that plaintiff could not return to work because of his back and knee pain. (Tr. 368-76.) The ALJ should consider these treating physicians' opinions – all of whom examined the plaintiff and made medical findings – and give good reasons for what weight they are given.

ALJ Kilgannon gave "little weight" to the "multiple opinions from 2013, 2014, and 2015 indicating that the claimant has either a '100% or total disability,'" including opinions from Drs. Katzmann, Hoffer, and Liu. (Tr. 27.) The ALJ decided that "these opinions fail to provide a function-by-function assessment of the claimant's limitations, are based on a definition of

7

disability that differs from that of Social Security... and are inconsistent with the claimant's treatment notes, which fail to demonstrate that the claimant is unable to work in any capacity." (Tr. 28.) He did not mention other parts of those doctors' conclusions, or whether he gave any weight to them. Dr. Katzmann, an orthopedic surgeon, treated the plaintiff for over two years, from October of 2013 to February of 2016, for problems with his hands, knees, and lower back, and operated on the plaintiff's right knee on April 14, 2016. (Tr. 309-26, 469-76, 493-94, 1077-79, 1120-25.) Dr. Hoffer examined the plaintiff multiple times between December of 2013 and August of 2014, diagnosed him with cervical radiculopathy, and found that he had difficulty standing, walking, sitting, bending, lifting and kneeling. (Tr. 377-415, 1061-68.) Dr. Liu also examined the plaintiff multiple times, from July of 2014 through May of 2016, and observed that the plaintiff had back pain, a low range of motion, and displaced spinal discs. (Tr. 454-68, 477-81, 495-501, 1080-85, 1126-27.) ALJ Kilgannon's explanation for his decision to give little weight to these doctors' opinions was not sufficient. *See Floyd v. Colvin*, No. 13-CV-4963, 2015 WL 2091871, at *8 (E.D.N.Y. May 5, 2015) (the ALJ did not adequately explain why he found the "opinion of Dr. Govindaraj—a non-treating physician who examined Plaintiff only once—to be so convincing and deserving of significant weight.").

The ALJ assigned the most weight to the conclusions of Dr. Kwok, the independent medical examiner. Dr. Kwok never met or examined the plaintiff; he simply reviewed his medical records. (Tr. 28.) Based on that review, he concluded that the plaintiff could lift, carry, sit, stand, and walk enough to work, with certain limitations. (Tr. 1050-51.) "[A]lthough a consultative examiner's opinion may constitute substantial evidence to support an ALJ's RFC determination, the opinion must nonetheless be supported by substantial evidence in the record and the ALJ's determination should contain an assessment of such evidence." *Bowers v.*

*Comm'r of Soc. Sec.*, No. 5:16-CV-1392, 2018 WL 582582, at *7 (N.D.N.Y. Jan. 26, 2018); *Artinian v. Berryhill*, No. 16-CV-4404, 2018 WL 401186, at *10 (E.D.N.Y. Jan. 12, 2018) ("An ALJ is permitted to accord greater weight to a consultative examiner's opinion if the conclusions are more consistent with the medical evidence.") The ALJ decided that Dr. Kwock's opinions were "generally consistent with the medical record as a whole while taking into account the claimant's subjective allegations." (Tr. 28.) The ALJ gave Dr. Kwok's opinions significant weight because they were "based on a thorough review of the medical record [and] a familiarity with the Social Security's adjudicative process." (Tr. 28.) While Dr. Kwok may have reviewed the plaintiff's records, his conclusion that the plaintiff could walk, sit, and stand was not consistent with the opinions of the plaintiff's treating doctors, or with the plaintiff's testimony that he is "unable to sit, stand, or walk for extended periods, and is precluded from lifting and carrying heavy weight." (Tr. 25, 28.) Given that discrepancy, the ALJ should explain why he nevertheless decided that Dr. Kwok's opinion – in contrast to the opinions of the doctors that treated the plaintiff – deserved significant weight. *See, e.g. Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("Accordingly, we find nothing so 'overwhelmingly compelling' in the ALJ's critique of Dr. Ergas's findings as to permit the Commissioner to 'overcome' an otherwise valid medical opinion.") (internal citations omitted); *Said v. Colvin*, No. 14-CV-03514, 2016 WL 8671843, at *12 (E.D.N.Y. Sept. 30, 2016).

On remand, the ALJ should determine the weight to be given to the opinions from the plaintiff's treating physicians, and give "good reasons" for the determination. *See Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (even if the claimant's medical history is complete and the ALJ decides to discredit a treating physician's opinion, the ALJ must "set forth her reasons for the weight she assigns to the treating physician's opinion"). If the ALJ finds that the

*Comm'r of Soc. Sec.*, No. 5:16-CV-1392, 2018 WL 582582, at *7 (N.D.N.Y. Jan. 26, 2018); *Artinian v. Berryhill*, No. 16-CV-4404, 2018 WL 401186, at *10 (E.D.N.Y. Jan. 12, 2018) ("An ALJ is permitted to accord greater weight to a consultative examiner's opinion if the conclusions are more consistent with the medical evidence.") The ALJ decided that Dr. Kwock's opinions were "generally consistent with the medical record as a whole while taking into account the claimant's subjective allegations." (Tr. 28.) The ALJ gave Dr. Kwok's opinions significant weight because they were "based on a thorough review of the medical record [and] a familiarity with the Social Security's adjudicative process." (Tr. 28.) While Dr. Kwok may have reviewed the plaintiff's records, his conclusion that the plaintiff could walk, sit, and stand was not consistent with the opinions of the plaintiff's treating doctors, or with the plaintiff's testimony that he is "unable to sit, stand, or walk for extended periods, and is precluded from lifting and carrying heavy weight." (Tr. 25, 28.) Given that discrepancy, the ALJ should explain why he nevertheless decided that Dr. Kwok's opinion – in contrast to the opinions of the doctors that treated the plaintiff – deserved significant weight. *See, e.g. Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("Accordingly, we find nothing so 'overwhelmingly compelling' in the ALJ's critique of Dr. Ergas's findings as to permit the Commissioner to 'overcome' an otherwise valid medical opinion.") (internal citations omitted); *Said v. Colvin*, No. 14-CV-03514, 2016 WL 8671843, at *12 (E.D.N.Y. Sept. 30, 2016).

On remand, the ALJ should determine the weight to be given to the opinions from the plaintiff's treating physicians, and give "good reasons" for the determination. *See Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (even if the claimant's medical history is complete and the ALJ decides to discredit a treating physician's opinion, the ALJ must "set forth her reasons for the weight she assigns to the treating physician's opinion"). If the ALJ finds that the

plaintiff's treating physicians' opinions are entitled to less weight, he should list the basis for that decision. The ALJ should also reconsider Dr. Kwok's opinion, especially in light of the opinions of treating physicians who examined the plaintiff many times over the course of several years, and reevaluate the plaintiff's RFC.

Accordingly, for the reasons set forth above, I remand for further development of the case.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
December 11, 2018